## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

GEORGE R. WELCH,      )
             )
    **Plaintiff,**    )
             )
vs.            )
             )  **Case No.**  **CIV-06-1097-HE**
MICHAEL J. ASTRUE,     )
**Commissioner of the Social**   )
**Security Administration,**    )
             )
    **Defendant.**   )

# FINDINGS & RECOMMENDATION
# OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **AFFIRMED**.

### PROCEDURAL HISTORY

Plaintiff filed his application for DIB on October 30, 2003 alleging a disability since January 1, 2002 (TR. 53-55). The application was denied on initial consideration and on reconsideration at the administrative level (TR. 27, 28).  Pursuant to Plaintiff's request, a hearing *de novo* was held before an ALJ on September 27, 2005 (TR. 440-470). The Plaintiff appeared in person and with his attorney and offered his testimony in support of the application (TR. 443-463). A vocational expert (VE) testified at the request of the ALJ (TR. 463-470). The ALJ issued her decision on October 7, 2005 finding that Plaintiff was not entitled to DIB (TR. 19-25). The Appeals Council denied the Plaintiff's request for review on September 1, 2006, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 4-7).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted*).

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability application the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process continued (TR. 24). At step two, the ALJ concluded that Plaintiff's Crohn's disease was a severe impairment (TR. 24). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 24). At step four, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform his past relevant work (PRW) (TR. 25). Thus, at step four of the sequential analysis the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to DIB (TR. 25).

On appeal to this Court, Plaintiff alleges that (I) the ALJ erred in failing to consider at step three whether Plaintiff's impairment was medically equivalent to a listed impairment; that (II) the ALJ failed to properly evaluate Plaintiff's pain and his credibility; that (III) the ALJ erred in failing to recontact Plaintiff's treating physician; that (IV) the ALJ failed to properly evaluate the opinions of Plaintiff's treating physician; and that (V) the ALJ erred in formulating Plaintiff's RFC.

### MEDICAL EVIDENCE

In June 2002, Plaintiff's treating physician, Leann C. Serbousek, M.D. (gastroenterologist), reported as to Plaintiff's blood study that his electrolytes looked normal; that he was mildly anemic with a hemoglobin of 12.8; and that he had a minimal vitamin B12 deficiency for which she recommended vitamin B12 replacement therapy (TR. 249). Dr. Serbousek also stated that Plaintiff had been her patient since 1996; that clinically he had done very well; and that since his retirement he had done much better from the standpoint of his inflammatory bowel disease (TR. 252). She further stated that the stresses and the daily grind of his job at Seagate played a role in his earlier symptoms (TR. 252, 253). Dr. Serbousek recorded Plaintiff's weight as 150 pounds (TR. 253). Her impression based on a June 2002 examination was of small bowel Crohn's historically (TR. 254).

In January 2003, Plaintiff underwent a consultative medical examination performed by Jennifer Eischen, D.O., who found that his weight was 145 pounds; that he had right lower quadrant tenderness to palpation without rebound or guarding; and that he had an otherwise normal physical exam (TR. 311-312). Dr. Eischen's assessment was of Crohn's disease, anemia, osteoarthritis, chronic fatigue and chronic diarrhea (TR. 312).

In February 2004, a physical RFC assessment was completed by agency physicians in which they concluded that Plaintiff was able to occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds; stand and/or walk (with normal breaks) for at least two hours in an eight hour workday; and sit (with normal breaks) for about six hours in an eight hour workday (TR.

318).  Agency physicians further concluded that Plaintiff had no other exertional, postural, manipulative, visual, communicative, or environmental limitations (TR. 318-321).

In October 2004 Plaintiff was examined by his treating physician, Matt Blankenship, M.D. (gastroenterology) who found that Plaintiff's Crohn's disease was "active with fatigue and frequent diarrhea" (TR. 343).  In December 2004, Plaintiff underwent a colonoscopy after which it was determined that there was no evidence of a small bowel obstruction (TR. 328).  In May 2006 Dr. Blankenship completed a Physical RFC Questionnaire in which he concluded that Plaintiff could, during an eight hour workday (with normal breaks) continuously sit for more than two hours, continuously stand for one hour, stand/walk for a total of about four hours, and sit for a total of at least six hours (TR. 437).  Dr. Blankenship also stated that Plaintiff would not need to take unscheduled breaks; and that Plaintiff would be absent from work about three times a month (TR. 438-439).

# I.

Plaintiff argues that the ALJ's failed to properly consider whether Plaintiff's impairment was medically equivalent to Listing 5.07 B, C, and D and 5.08[1] (See Plaintiff's Brief at pages 13-15).  At

---

[1]  5.07 Regional enteritis (demonstrated by operative findings, barium studies, biopsy, or endoscopy). With:
   B. Persistent or recurrent systemic manifestations such as arthritis, iritis, fever, or liver dysfunction, not attributable to other causes; or
   C. Intermittent obstruction due to intractable abscess or fistula formation; or
   D. Weight loss as described under Sec. 5.08.
   5.08 Weight loss due to any persisting gastrointestinal disorder: (The following weights are to be demonstrated to have persisted for at least 3 months despite prescribed therapy and expected to persist at this level for at least 12 months.) With:
   A. Weight equal to or less than the values specified in table I or II; or
   B. Weight equal to or less than the values specified in table III or IV and one of the following abnormal findings on repeated examinations:
   1. Serum albumin of 3.0 gm. per deciliter (100 ml.) or less; or
   2. Hematocrit of 30 percent or less; or
   3. Serum calcium of 8.0 mg. per deciliter (100 ml.) (4.0 mEq./L) or less; or
   4. Uncontrolled diabetes mellitus due to pancreatic dysfunction with repeated hyperglycemia, hypoglycemia, or ketosis; or
   5. Fat in stool of 7 gm. or greater per 24-hour stool specimen; or
   6. Nitrogen in stool of 3 gm, or greater per 24-hour specimen; or
   7. Persistent or recurrent ascites or edema not attributable to other causes.

step three of the sequential evaluation process, a claimant's impairment is compared to the Listings (20 C.F.R. Pt. 404, Subpt. P, App. 1).  If the impairment is equal or medically equivalent to an impairment in the Listings, the claimant is presumed disabled.  The ALJ must determine at step three whether a claimant's medical findings are equal in severity and duration to those listed. *Bernal v. Bowen*, 851 F.2d 297, 300 (10th Cir. 1988).  Such medical findings include symptoms supplied by the Plaintiff, abnormalities which are shown by clinical diagnostic techniques, and laboratory findings.  However, the claimant's own descriptions, standing alone, are not enough to establish a physical or mental impairment. 20 C.F.R. § 404.1528(a), *Bernal* at p. 300. A Plaintiff has the burden of proving that a Listing has been equaled or met.  *Bowen v. Yuckert*, 482 U.S. at 140-42 (1987); *Williams v. Bowen*, 844 F.2d at 750-51 (10th Cir. 1988).   To be found disabled based on the Appendix 1 Listing of Impairments, Plaintiff must show that his condition satisfies all of the specified medical criteria of a particular Listing.  *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (impairment does not meet Listing if it has only some of the medical criteria, no matter how severe).   The medical record fails to demonstrate that Plaintiff suffers from impairments which meet, equal or even approach a finding of disability under Listing 5.07 B, C, and D and 5.08.  In her decision the ALJ accurately observed that "The claimant has had only mild malnutrition and a little weight loss from his gastrointestinal disorder. The claimant has responded well to therapy. Therefore, the claimant's impairment does not meet the requirements of Listing 5.0" (TR. 21).

Thus, it appears that the ALJ's finding at step three that Plaintiff's impairment failed to meet or equal a listed impairment is supported by substantial evidence.

## II.

Plaintiff also argues that the ALJ failed to properly evaluate his pain and his credibility (See Plaintiff's Brief at pages 5-8). The legal standards for evaluating pain and credibility are outlined in 20 C.F.R. §§ 404.1529(c), 416.929 and SSR 96-7p, and were addressed by the Tenth Circuit Court

of Appeals in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987). First, the asserted pain-producing impairment must be supported by objective medical evidence. *Id.* At 163. Second, assuming all the allegations of pain as true, a claimant must establish a nexus between the impairment and the alleged pain. "The impairment or abnormality must be one which `could reasonably be expected to produce' the alleged pain." *Id.* Third, the decision maker, considering all of the medical data presented and any objective or subjective indications of the pain, must assess the claimant's credibility.

> [I]f an impairment is reasonably expected to produce some pain, allegations of disabling pain emanating from that impairment are sufficiently consistent to require consideration of all relevant evidence.

*Id.* at 164. In assessing the credibility of a claimant's complaints of pain, the following factors may be considered.

> [T]he levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Hargis v. Sullivan*, 945 F.2d 1482, 1488 (10th Cir. 1991). *See also Luna*, 834 F.2d at 165 ("The Secretary has also noted several factors for consideration including the claimant's daily activities, and the dosage, effectiveness, and side effects of medication.").

In *Kepler v. Chater*, 68 F.3d 387, (10th Cir. 1995), the Tenth Circuit determined that an ALJ must discuss a Plaintiff's complaints of pain, in accordance with *Luna*, and provide the reasoning which supports the decision as opposed to mere conclusions. *Id.* at 390-91.

> Though the ALJ listed some of these [Luna] factors, he did not explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible.

*Id.* at 391. *Kepler* does not require a formalistic factor-by-factor recitation of the evidence. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied. *Id* at 1372.

In the present case the ALJ reached step three of the *Luna* analysis and in assessing the credibility of the Plaintiff followed the dictates of *Kepler* by providing an adequate discussion of the evidence which linked specific evidence to her findings (TR. 22-23).

In accordance with *Luna* and *Kepler,* the ALJ determined that the medical evidence did not support the degree of limitation claimed by Plaintiff.  The absence of an objective medical basis for the degree of severity of pain may affect the weight given to subjective allegations of pain. *Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993); *See Luna*, at 165 (10th Cir. 1987). Further, Although Plaintiff complained of pain, none of Plaintiff's doctors provided explicit confirmation of the existence of disabling pain and this absence of confirmation detracted from Plaintiff's credibility.  *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir. 1990); *Huston v. Bowen*, 838 F.2d 1131, 1129 (10th Cir. 1988).

An ALJ's determination of credibility is given great deference by the reviewing court.  *See Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495 (10th Cir. 1992).  On appeal, the court's role is to verify whether substantial evidence in the record supports the ALJ's decision, and not to substitute the court's judgment for that of the ALJ. *Kepler* at 391; (Credibility determinations are peculiarly within the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence); *Musgrave*, 966 F.2d 1371, 1374.

Thus, it appears from the record that the ALJ's pain and credibility determinations were supported by substantial evidence and should not be disturbed on appeal.

It also appears that the ALJ properly considered the side effects of Plaintiff's medications (See Plaintiff's Brief at pages 7-9).  In her decision the ALJ acknowledged that Plaintiff's medication was successfully adjusted in June 2005 to control the side effect of increased diarrhea (TR. 21-22).

## III.

Plaintiff also argues that the ALJ erred in failing to recontact Plaintiff's treating physician, Dr. Blankenship (See Plaintiff's Brief at pages 9-10, and Reply Brief at pages 5-6). The Commissioner, under the governing regulations, must recontact a treating physician when the information the doctor provides is "inadequate ... to determine whether you [the claimant] are disabled." 20 C.F.R. 404.1512(e).  Plaintiff does not specify what medical evidence is missing from the record or identify how the record before the Commissioner was inadequate to make a disability determination.  Thus, it appears that there Plaintiff's argument is without merit.

## IV.

Plaintiff also argues that the ALJ failed to properly evaluate the opinions of Plaintiff's treating physician, Dr. Blankenship, as shown in his May 2006 Physical RFC Questionnaire (See Plaintiff's Brief at pages 10-12) (TR. 438-439). On the contrary, it appears from the decision of the ALJ that she agreed with the opinions of Dr. Blankenship and determined that Plaintiff could perform sedentary work including his PRW as a production manager (TR. 23, 24).   In his Brief Plaintiff mischaracterizes the opinion of Dr. Blankenship with regard to Plaintiff being required to take unscheduled breaks (See Plainttiff's Brief at page 11).  Dr. Blankenship's actual opinion was no such unscheduled breaks would be required (TR. 437).  Since the May 2006 opinions of Dr. Blankenship were submitted after the ALJ made her decision, they were considered as new evidence and were evaluated by the Appeals Council which specifically considered the opinions and found that they were not supported by the record (TR. 5).

Plaintiff contends that because the May 2006 Physical RFC Questionnaire (the "Questionnaire") was not presented to the ALJ who in turn would have presumably elicited favorable from the VE, the Court should remand the case to the Secretary for additional consideration.  Plaintiff submitted the Questionnaire to the Appeals Council after the ALJ completed her decision.  After consideration of the newly submitted evidence, the Appeals Council determined

that the opinions of Dr. Blakenship in the Questionnaire were not supported by the record (TR. 5).

In *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994), after the determination by the ALJ of non-disability, the claimant submitted additional evidence to the Appeals Council.  The Appeals Council decided that the new evidence did not provide a basis for changing the ALJ's decision.  The claimant appealed, and the district court affirmed the decision of the Secretary.  On appeal from the decision of the district court, the Tenth Circuit held that the evidence, presented for the first time to the Appeals Council, is "part of the administrative record to be considered when evaluating the Secretary's decision for substantial evidence."  Id. at 859.  The Court reviewed the record, including the new evidence, and affirmed the district court's (and the Secretary's) decision because the ALJ's determination (after considering the "new" evidence) remained supported by substantial evidence. Id.

Similarly, in this case, the ALJ's determination that Plaintiff was not disabled remains supported by substantial evidence, even when considering the "new" evidence.  Consequently a remand to the Secretary for further consideration of such evidence is not necessary.

# V.

Plaintiff also argues that the ALJ erred in formulating his RFC (See Plaintiff's Brief at pages 12-13). At step four, Social Security Regulation 82-62 requires an ALJ to develop the record with respect to a claimant's PRW.

> The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision.
> . . . .
> [D]etailed information about strength, endurance, manipulative ability, mental demands and other job requirements must be obtained as appropriate.  This information will be derived from a detailed description of the work obtained from the claimant, employer, or other informed source.  Information concerning job titles, dates work was performed, rate of compensation, tools and

> machines used, knowledge required, the extent of supervision and independent judgment required, and a description of tasks and responsibilities will permit a judgment as to the skill level and the current relevance of the individual's work experience.

Soc. Sec. Rep. Serv., Rulings 1975-1982, SSR 82-62 (West 1982).  The ALJ must make specific factual findings detailing how the requirements of claimant's PRW fit the claimant's current limitations.  The ALJ's findings must contain:

1.   A finding of fact as to the individual's RFC.
2.   A finding of fact as to the physical and mental demands of the past job/occupation.
3.   A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

SSR 82-62; *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994); *Henrie v. United States Dep't of Health & Human Services*, 13 F.3d 359, 361 (10th Cir. 1993).

Here, the ALJ found that Plaintiff had the RFC to perform sedentary work (TR. 24).  The ALJ's RFC assessment is supported by substantial evidence.  Plaintiff claims that the ALJ erred by not making specific findings regarding the physical and mental demands of his PRW (See Plaintiff's Brief at pages 12-13).  As to Plaintiff's PRW as a "manager, product development", it appears that the ALJ inquired of the VE and adopted in his decision the opinion of the VE that this PRW was performed by Plaintiff at the sedentary exertional level and is performed in the national economy as sedentary (TR. 24, 464, 467).  Also, the ALJ made the required finding that Plaintiff could perform his PRW given his RFC (TR. 467, 24).

Thus, it appears that the ALJ's step four analysis and his determination that Plaintiff was capable of performing his PRW are supported by substantial evidence.

Plaintiff also argues that the ALJ erred by failing to develop the record regarding Plaintiff's stress related gastrointestinal disorders/impairment on his ability to perform his PRW in accordance with SSR 82-62 (See Plaintiff's Brief at page 13).  On the contrary it appears that the ALJ specifically included in Plaintiff's RFC the nonexertional limitation that Plaintiff "must have access to a lavatory (bathroom facilities) as needed" (TR. 23, 25).  Thus, Plaintiff's argument is without merit.

**RECOMMENDATION**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is supported by substantial evidence and should be **AFFIRMED**.  The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this the 27th day of August 2007.


_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE