### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GEORGE R. WELCH, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-06-1097-HE |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner, Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Plaintiff George Welch instituted this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration denying him disability insurance benefits. Consistent with 28 U.S.C. § 636(b)(1)(B), the case was referred to Magistrate Judge Shon T. Erwin, who recommended that the Commissioner's decision be affirmed.

Plaintiff has filed an objection to the Report and Recommendation, asserting several grounds for error. Plaintiff appears to assert that the administrative law judge ("ALJ") did not apply the correct legal standard in deciding whether to grant his application for benefits. However, plaintiff does not make clear what standard he alleges was incorrectly applied or what standard he alleges should have been applied. The magistrate judge found that the ALJ followed the five-step process set forth in the regulations in deciding whether to grant the plaintiff benefits. As the plaintiff has not stated what standard he takes issue with and the magistrate judge found the ALJ did in fact follow the procedure required by the regulations,

the court is unpersuaded by the plaintiff's argument as to the standard applied by the ALJ.

Plaintiff's reliance on Trimiar v. Sullivan, 966 F.2d 1326 (10th Cir. 1992), to support his position that the ALJ should have obtained further expert testimony as to "the issues of pain, effects of medication, and depression" is misplaced. The Trimiar court held that, at the fifth step in the evaluation process, the ALJ correctly relied on the testimony of a vocational expert, instead of relying solely on the medical-vocational guidelines. *Id.* at 1332-34. Here, the ALJ never reached the fifth step of the evaluation process, concluding at the fourth step that the plaintiff retained the residual functional capacity to perform his past relevant work and, therefore, was not disabled.

The court concurs with the magistrate judge's conclusion that the ALJ sufficiently explained her assessment of plaintiff's credibility, linking her findings to specific evidence in the record. Huston v. Brown, 838 F.2d 1125(10th Cir. 1988), is inapposite to plaintiff's case. In Huston, the court reversed the decision of the Social Security Administration and remanded for consideration of the nonmedical testimony presented by plaintiff as to his pain. The court stated " an ALJ must carefully consider all relevant evidence, including subjective pain testimony, and expressly reflect that consideration in the findings." *Id.* at 1133. Here, the ALJ expressly considered plaintiff's subjective testimony as to pain. *See* record, p. 22-23. The court does not find support for the plaintiff's cursory assertion that the ALJ's credibility determination is not affirmatively linked to substantial evidence or is a conclusion in the guise of findings.

Plaintiff argues that the magistrate judge and the ALJ did not consider the negative effects the medications he took had on his ability to work. Nowhere in his objection does the

plaintiff state what these negative effects are. In the Report and Recommendation, the magistrate judge did note that the ALJ had properly considered the side effects of his medications, stating that the ALJ acknowledged that his medication was successfully adjusted to control the side effect of increased diarrhea.

Plaintiff incorrectly states in his objection that the magistrate judge found that the evidence from the treating physician submitted after the ALJ made her determination was "beyond the scope of review." Contrary to this assertion, the magistrate judge adequately addressed this evidence but concluded that, even considering it, the ALJ's determination was supported by substantial evidence. The court agrees that the Appeals Council sufficiently considered the treating physician's opinions before deciding that they are not supported by the record.

Plaintiff's remaining objections as to the ALJ's failure to recontact his treating physician, to make specific findings as to his past relevant work, to develop the record as to his stress-related gastrointestinal disorders/impairment, or to consider medical equivalency when determining whether his impairment equals the severity of a listed impairment have all been adequately addressed in the Report and Recommendation.

Accordingly, the court **ADOPTS** the Report and Recommendation [Doc. # 21] and **AFFIRMS** the final decision of the Commissioner.

**IT IS SO ORDERED**.

Dated this 13th day of February, 2008.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE